IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MELANIE BOOKER, <br> Plaintiff, | § <br> § <br> § | CIVIL ACTION NO: 1:17-cv-00815 |
| v. | § <br> § | |
| HALSTED FINANCIAL SERVICES, LLC, <br> Defendant. | § <br> § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, MELANIE BOOKER, files this Original Complaint against Defendant, HALSTED FINANCIAL SERVICES, LLC and would respectfully show as follows:

## PRELIMINARY STATEMENT

This action arises out of Defendant's violations of the Texas Debt Collection Act, (hereafter "TDCA"), TEX. FIN. CODE §392 and the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* (hereafter the "TCPA").

## PARTIES

1.  Plaintiff, MELANIE BOOKER (hereafter "Plaintiff") is a Texas resident with her principal place of residence in Austin, Texas.

2.  Defendant, HALSTED FINANCIAL SERVICES, LLC (hereafter "Defendant") is a foreign corporation with its principal place of business in Illinois.

3.  Defendant may be served with summons by serving its registered agent for process at the following address:

> Illinois Corporation Service Company
> 801 Adlai Stevenson Drive
> Springfield, Illinois 62703

## JURISDICTION AND VENUE

4. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

5. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action, is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii).

6. Venue is proper in this District because the Plaintiff resides in this District the phone calls were received in this District, and Defendant transacts business in this District.

## FACTUAL ALLEGATIONS

7. Plaintiff is an individual residing in Travis County, Texas and is a consumer as defined by TEX. FIN. CODE § 392.001(1).

8. Defendant is a foreign limited liability company with its principal place of business at 8001 N. Lincoln Avenue, Suite 500, Skokie, Illinois 60077.

9. Defendant is a "debt collector," as defined by TEX. FIN. CODE § 392.001(6)) and does business throughout the state of Texas, including Travis County, Texas

10. Defendant is a "person" subject to regulations under 47 U.S.C. § 227(b)(1).

11. The conduct of Defendant, which gives rise to the cause of action herein alleged, occurred in this District, Travis County, Texas, by the Defendant's placing of telephone calls to Plaintiff's cellular telephone in an attempt to collect a debt.

12. Defendant, at all material times, was attempting to collect a debt.

13. The alleged debt that is the subject matter of this complaint is a "consumer debt" as defined by the, Tex. Stat. §392.001(2).

14. In or about October, 2016, Plaintiff received a phone call from Defendant to collect a debt. During the telephone call, Plaintiff advised Defendant to stop calling her cell phone and revoked any prior express consent to contact Plaintiff via cell phone or any other form of communication.

15. In or about November, 2016, during a phone call received by Defendant, Plaintiff verbally advised Defendant for the second time to stop calling her cellular telephone.

16. On December 6, 2016, during a phone call received by Defendant, Plaintiff verbally advised Defendant for the third time to stop calling her cellular telephone.

17. Plaintiff is the regular user and carrier of the cellular telephone number ending in -7469 and was the called party and recipient of Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

18. Defendant knowingly and/or willfully called Plaintiff's cellular telephone after Defendant had unequivocal notice from Plaintiff to cease any and all calls and after Plaintiff withdrew any prior consent or permission to be contacted in or about October, 2016.

19. Defendant used an automatic telephone dialing system or an artificial or pre-recorded voice to place telephone calls to Plaintiff's cellular telephone.

20. The following phone numbers, including but are not limited to. 521-827-3779, 210-202-0626, 281-394-1534, 214-396-5161, 210-202-0624, 210-202-1174, and 423-390-0144, are phone numbers used by the Defendant to call Plaintiff's cellular telephone.

21. Defendant has or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of all calls made to Plaintiff.

22. Defendant placed calls to Plaintiff's cellular telephone that included delays in time before the telephone call was transferred to a representative to speak.

23. The calls from Defendant to Plaintiff's cellular telephone continued despite Plaintiff expressly revoking her consent.

24. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

25. None of Defendant's telephone calls placed to Plaintiff were made with Plaintiff's "prior express consent" as specified in 47 U.S.C. § 227 (b)(1)(A).

26. All conditions precedent to the filing of this lawsuit have been performed or have occurred.

## COUNT I
## VIOLATION OF THE TDCA, TEX. FIN. CODE § 392

27. Plaintiff incorporates all allegations in paragraphs 1-26 as if stated fully herein.

28. Defendant violated the TEX FIN. CODE § 392.302(4) by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

29. Specifically, Defendant continued to make numerous telephone calls to Plaintiff's cellular telephone.

30. Defendant's acts, as described above were done intentionally with the purpose of harassing Plaintiff.

## COUNT II
## VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

31. Plaintiff incorporates all allegations in paragraphs 27-30 as if stated fully herein.

32. Jurisdiction is proper pursuant to 47 U.S.C. § 227(b)(3).

33. Defendant used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii) to make telephone calls to Plaintiff's cellular telephone.

34. Defendant independently violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that Defendant placed to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice.

35. The phone calls made by Defendant are considered willing and knowing violations of the TCPA, as Defendant is well aware of the TCPA and its prohibitions.

## DEMAND FOR JURY TRIAL

36. Plaintiff demands a jury trial under the provisions of Federal Rule of Civil Procedure 38(b).

WHEREFORE PREMISES CONSIDERED, Plaintiff, MELANIE BOOKER, demands judgment against Defendant, HALSTED FINANCIAL SERVICES, LLC, for the following relief:

   a. any actual damages sustained by Plaintiff as a result of the above allegations;
   b. statutory damages pursuant to TEX. FIN. CODE § 392.403(e);
   c. pursuant to TEX. FIN. CODE § 392.403(a)(1), injunctive relief of the above violations;
   d. in the case of a successful action sustaining the liability of Defendant, pursuant to the TEX FIN. CODE § 392.403(b), costs of the action, together with reasonable attorney's fees incurred by Plaintiff;
   e. statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations occurring after October, 2016;
   f. an increase in the amount of the award to an amount equal to three times the amount available pursuant to 47 U.S.C. § 227(b)(3)(B) where each of Defendant's independent violations were made willfully or knowingly; and
   g. any other relief the Court deems just and proper.

Dated: August 22, 2017.

Respectfully submitted,

The Vethan Law Firm, PC

By: /s/ Charles M.R. Vethan
Charles M. R. Vethan
Attorney-in-Charge
Texas Bar No. 00791852
Southern District Bar No: 19566
Email: edocs@vwtexlaw.com

Of Counsel:

The Vethan Law Firm, PC
3501 Allen Parkway
Houston, Texas 77019
Telephone: (713) 526-2222
Telecopier: (713) 526-2230

***ATTORNEYS FOR PLAINTIFF***